IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| M GROUP INC., | : | Bankruptcy Case No. 00-1936-JKF |
| | : | |
| | : | |
| Debtor. | : | |

| | | |
|---|---|---|
| THE INTERPUBLIC GROUP OF | : | |
| COMPANIES, INC., t/a | : | |
| TRANSWORLD MARKETING CORP., | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civil Action No. 04-353-JJF |
| | : | |
| LARRY WASLOW, in his capacity | : | |
| as Unsecured Claims | : | |
| Administrator of M Group, | : | |
| Inc., | : | |
| | : | |
| Appellee. | : | |

## MEMORANDUM ORDER

Pending before the Court is the Unsecured Claims
Administrator's Motion To Dismiss The Appeal Of The Interpublic
Group Of Companies, Inc. T/A Transworld Marketing Corp. For
Failure To Comply With Briefing Schedule (D.I. 6).  In addition,
The Interpublic Group of Companies, Inc. t/a Transworld Marketing
Corp. ("Interpublic") has filed a Motion For Entry Of A
Scheduling Order (D.I. 7).  For the reasons discussed, the Motion
To Dismiss will be denied, and the Motion For Entry Of A
Scheduling Order will be granted.

By his Motion, Larry Waslow, the Claims Administrator,

contends that the instant appeal should be dismissed based on Interpublic's failure to timely file an Opening Brief in support of its appeal. The appeal in this case was filed in the Bankruptcy Court on May 10, 2004, and it was transmitted to the Court and docketed on June 4 2004. Pursuant to Bankruptcy Rule 8009, Interpublic was required to file its Opening Brief in support of its appeal on or before June 21, 2004. Fed. R. Bankr. P. 8009(a)(1) ("The appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007"). The Claims Administrator moved for dismissal on July 30, 2004, based on Interpubic's failure to comply with the briefing requirements. Interpublic briefed the Motion To Dismiss and moved the Court for entry of a Scheduling Order on August 13, 2004. Thereafter, Interpublic filed an Opening Brief in support of its appeal on October 27, 2004, and the parties stipulated that further briefing would be stayed until the Court ruled on the pending Motion To Dismiss.

The Claims Administrator makes no claim of prejudice based on Interpublic's delay in filing an Opening Brief and does not contend that Interpublic's delay was the result of bad faith. In these circumstances, the Court concludes that dismissal of the instant appeal is not warranted. See In re Magic Restaurants, 1997 WL 33100710, *2-3 (D. Del. Oct. 8, 1997) (declining to dismiss appeal where designation of record was not filed timely).

The Claims Administrator directs the Court to two cases supporting its argument that dismissal is appropriate, Koutoufaris v. Morris (In re Koutoufaris), 2002 WL 1585912, *1 (D. Del. Jul. 18, 2002) and Kuntz v. The Grand Union Company (In re The Grand Union Company), 1999 WL 33220033, *2 (D. Del. Dec. 29, 1999). However, those cases do not mandate dismissal, and in Koutoufaris, the Court noted a pattern of dilatory conduct by the attorneys in the appeal before the court, a related appeal, and in the proceedings at the Bankruptcy Court level. No such pattern of dilatory conduct has been alleged in this case. Accordingly, the Court will deny the Claims Administrator's Motion To Dismiss.

Interpublic has also moved the Court for entry of a Scheduling Order because the parties have failed to agree to a stipulated briefing schedule. The Court will grant Interpublic's Motion and order the Claims Administrator to file his Answering Brief no later than Monday, August 8, 2005, and Interpublic to file its Reply Brief no later than Tuesday, August 23, 2005.

NOW THEREFORE, IT IS HEREBY ORDERED this 8 day of July 2005, that:

1.   The Unsecured Claims Administrator's Motion To Dismiss The Appeal Of The Interpublic Group Of Companies, Inc. T/A Transworld Marketing Corp. For Failure To Comply With Briefing Schedule (D.I. 6) is **DENIED**.

3

2.    Interpublic's Motion For Entry Of A Scheduling Order (D.I. 7) is **GRANTED**.

3.    The Claims Administrator shall file his Answering Brief no later than **Monday, August 8, 2005.**

4.    Interpublic shall file its Reply Brief no later than **Tuesday, August 23, 2005.**

UNITED STATES DISTRICT JUDGE